THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR A. ÁLVAREZ MAURÁS, Defendant and Appellant.

No. CR-68-72.      Decided April 25, 1972.

*Segismundo López Rodríguez* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant and another individual were tried for an armed robbery committed on August 25, 1966, from the person of Omar A. Sosa. Sosa was an employee of the newspaper *El Imparcial;* that day he had been to the Banco Popular of San Juan to get money in cash for payment of a payroll of the firm for which he worked. Upon returning, when he was leaving the automobile to get to the *El Imparcial* building, carrying with him a bag with $23,565.67 in cash, the said bag was snatched from his hands. The offenders escaped on a motorcycle which had been stolen on the day before the events and which appeared the day after abandoned on a street in Puerta de Tierra.

The codefendants were identified by several persons who witnessed the offense and appellant in particular was identified in a convincing manner by Omar Sosa, the victim, by the driver of the vehicle in which Sosa travelled, Gilberto Vega,

by the janitor of the building, Antonio García Burgos, and by another witness by the name of Ignacio Torres Colón. All these witnesses testified that they saw appellant when he snatched the bag containing the money from Sosa and that with the bag in his left hand and a revolver in his right hand he moved back until he reached the motorcycle which was driven by the codefendant and in which both escaped. The one driving the motorcycle had kept the engine running while the transaction lasted. The defense relied on the theory of alibi.

A unanimous jury found the codefendants not guilty of the offense of robbery and appellant not guilty of the offense of bearing arms without a license (§ 8, Weapons Law). The court without a jury found appellant guilty of possessing weapons without a license (§ 6, Weapons Law) and sentenced him to serve two years in jail. He was freed on bail while this appeal was being prosecuted.

The three errors assigned boil down to the following: (1) whether or not the weighing of the evidence was correct, (2) if the court abused its discretion in not granting appellant a suspended sentence, and (3) if the penalty is unlawful.

We do not find any reason whatsoever for us to disturb the weighing of the evidence made by the trial court. Appellant was identified by the witnesses for the prosecution, as the person who had a revolver in his hands at the place and on the date of the events. Tr. Ev. (First Part) pp. 79, 80, 102; (Second Part) pp. 37–39, 59, 110, 147–148, 171, 249, 268–269. The evidence tends to establish that the offense was committed between 1:45 p.m. and 2:00 p.m. Tr. Ev. (First Part) p. 78; (Second Part) pp. 42, 83, 122, 147, 173–174, 230, 298.

The defense of alibi tended to establish that codefendant Wilfredo Dávila Torres was seen in Hato Rey by three witnesses between 12:20 p.m. and 1:30 p.m. on the day of the events. One of the witnesses for the defense, David Rijos, testified that that day after giving transportation to the co-

defendant and leaving him in Hato Rey, he arrived at San Juan between 1:50 and 1:55 p.m. If this witness could get to San Juan before 2:00 p.m., similarly the codefendant could have reached San Juan, place where the offense was committed before 2:00 p.m. See Tr. Ev. (Second Part) pp. 354, 357, 390, 393, 395, 405, 429, 430, 434, 449.

Appellant's defense of alibi tended to establish that he was seen between 10:00 a.m. and 3:30 p.m. working in the premises which he had bought at No. 1000 Ponce de León Ave., in Río Piedras. Appellant had been decorating the premises since before the day of the robbery and completed its decoration sometime afterwards. Appellant sold the decorated premises to Dr. Vázquez, optometrist, in the amount of $15,000. Dr. Vázquez testified that he talked to appellant for an hour at the premises, around twelve of that day and again afterwards, after 3:00 in the afternoon. Appellant's three witnesses for alibi were persons engaged in tasks close to the premises which appellant was decorating, but not in the said premises and although they establish in a general manner that appellant was at the premises between 10:00 a.m. and 3:00 p.m. of that day, and specifically around 1:00 p.m. and 3:00 p.m., none of them established in a conclusive manner that appellant was in their presence at 2:00 p.m., when the robbery was committed. The evidence for the alibi did not exclude the possibility that after appellant talked to Dr. Vázquez, he went to San Juan and was back in less than an hour. See Tr. Ev. (Second Part) pp. 490, 504, 505, 553–554, 597, 601.

It is possible that the testimonies offered by the witnesses for the alibi were truthful and in good faith but that does not exclude the possibility of the commission of the offense by appellant. If appellant and codefendant were careful in planning the robbery with precision, it may not be doubted that beforehand they also planned carefully an alibi availing themselves of third persons who in good faith testified in

their favor. The judge himself did not have the least doubt that appellant violated at that instant and at that place § 6 of the Weapons Law and thus he expressly stated: "I think that you were there with that revolver," the evidence "has brought to my mind the conviction beyond any doubt that you actually carried it [the weapon] without having it registered." Tr. Ev. (Second Part) pp. 655, 656.

■ The defense of alibi not having excluded the possibility that appellant was at the place of the events at the time when they occurred and there being evidence which was believed by the judge that he was present there, we must sustain the conviction.

■ The second contention concerns the court's refusal to grant appellant a suspended sentence. The Suspended Sentence Act allows discretion to the court, but the said discretion is exercised according to the weighing of the court as to whether the circumstances under which the offense was committed evince that there exists a character or behavior problem, which in the interest of the protection of the community requires defendant's confinement. 34 L.P.R.A. § 1027.

When the court was requested to suspend the sentence, it refused it on the following terms:

"No, no, as a result of the circumstances under which that weapon was carried and which has formed part of the evidence and has brought to my mind the conviction beyond any doubt that in effect he carried it without having it registered, etc., etc., against the provisions of § 6 of the Weapons Law, the court understands that this defendant is not entitled to receive the benefits of a suspended sentence in this case. Besides, he already has a conviction for an offense of violence and he deserves to be confined in the corresponding institution as an attempt to attain his rehabilitation." Tr. Ev. (Second Part) pp. 656–657.

■ The enjoyment of a suspended sentence is a privilege and not a right and it is subject to the discretion of the trial

court. *People* v. *Martínez Rivera*, 99 P.R.R. 551, 558 (1971). We find no reason whatsoever to intervene with said discretion in this case.

■ Through the third and last assignment the sentence is challenged for being contrary to the case of *Duncan* v. *Louisiana*, 391 U.S. 145. Appellant was convicted on December 14, 1967. An identical contention was decided against appellant in *People* v. *Martínez Nevárez*, 99 P.R.R. 277 (1970) (conviction dated December 29, 1967, under the authority of § 6, Weapons Law).

■ However, our law in force provides that sentences for misdemeanors which entail confinement in jail be reduced to 6 months if the sentence was imposed for a longer period and proscribes sentences in excess of six months for misdemeanor offenses. Acts Nos. 8 and 9 of July 7, 1971; 34 L.P.R.A. § 1711.

The three errors assigned were not committed. Nevertheless, the judgment appealed from will be reduced to six months in jail and thus modified it will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.